IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARY SAENZ,

    Plaintiff,

v.                                                                               No. 2:21-cv-687 MIS/KRS

CITY OF LOVINGTON, et al.,

    Defendants.

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL (Doc. 46)**

THIS MATTER is before the Court on Plaintiff's Amended Motion to Compel, (Doc. 46), filed June 1, 2022. Defendants filed a response on June 24, 2022, and Plaintiff filed a reply on July 8, 2022. (Docs. 52 and 54). Having considered the parties' briefing, record of the case, and relevant law, the Court grants in part Plaintiff's Amended Motion to Compel, (Doc. 46), as set forth below.

    **I.**     **Background**

Defendants pulled Plaintiff over during a traffic stop for allegedly failing to maintain her lane and stop at a stop sign. (Doc. 33) at 3 (Amended Complaint). Plaintiff claims Defendants unlawfully pulled her over, improperly administered field sobriety tests, and falsified blood alcohol test readings. Plaintiff brings claims for: violations of the New Mexico Tort Claims Act; intentional infliction of emotional distress; negligence; negligent hiring, training, retention, and supervision; and violations of 42 U.S.C. § 1983. *Id.* at 11-14.

In Plaintiff's first set of requests for production, she sought a copy of the personnel records/employee files and any prior disciplinary history of the named officers – Defendants Crouch and Juarez. (Doc. 46) at 5-6; (Doc. 46-1) at 3; (Doc. 46-3) at 4; (Doc. 46-4) at 3.

Defendant objected, stating the requests were unduly burdensome, overly broad, and sought irrelevant and confidential information. (Doc. 46-1) at 3; (Doc. 46-3) at 4; (Doc. 46-4) at 3. Subject to these objections, Defendants stated they would supplement their responses upon entry of a confidentiality order, and subsequently produced a privilege log describing several reprimands in the files of Defendants Crouch and Juarez. (Doc. 46-2). Plaintiff argues these records are relevant to her claims that Defendants Crouch and Juarez wrongfully arrested her and fabricated evidence, and asks the Court to compel Defendants to produce the officers' entire personnel files, including all prior disciplinary records. (Doc. 46) at 8-9.

      Defendants argue that Plaintiff's Motion to Compel is untimely because it was not filed within 21 days of receiving Defendants' objections and privilege log. (Doc. 52) at 2-3. Defendants also argue the information Plaintiff seeks is irrelevant because the officers' disciplinary files do not contain any information about Plaintiff or DWI arrests. *Id.* at 3-4. Defendants state they are not withholding "any information regarding the administration of standard filed sobriety tests, utilization of a breathalyzer, failure to establish reasonable suspicion to execute a traffic stop or probable cause to make an arrest, or false imprisonment." *Id.* at 3. Defendants further state that the privilege log provides sufficient information to inform Plaintiff of what is being withheld and identifies which reports were "unfounded" or "cleared." *Id.* at 4. In addition to being irrelevant, Defendants contend the withheld information is confidential because there are references to other law enforcement personnel and civilians unrelated to this lawsuit. *Id.* at 6.

      In her reply, Plaintiff states that Defendants failed to timely produce discovery and that Plaintiff did not receive the requested information even after signing a confidentiality order. (Doc. 54) at 2. Plaintiff argues that Defendants' privilege log contains incomplete information

and states that Defendants "continue to play games with discovery." *Id.* Plaintiff maintains the requested information is relevant to the issue of whether the officers fabricated evidence and wrongfully arrested her, and she disputes that the records are protected due to confidentiality. *Id.* at 2-3.

## II. **Legal Standard**

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevant evidence is that which "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. However, "[i]nformation within [the] scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1); *see Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 649 (10th Cir. 2008) ("Under our rules, parties to civil litigation are given broad discovery privileges."). Nonetheless, the Court is not required to permit the parties to engage in fishing expeditions in the hope of supporting their claims or defenses. *See Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 375 (D.N.M. 2018).

Key considerations in determining the scope of permissible discovery include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Ultimately, "[c]ounsel bears the responsibility of propounding proper discovery requests, and expecting counsel to fulfill this responsibility is neither capricious nor unfair." *Punt v. Kelly Services*, 862 F.3d 1040, 1047 (10th Cir. 2017).

**III.     Discussion**

Local Rule 26.6 requires a party who is served with objections to a discovery request to file a motion to compel under Rule 37.1 within twenty-one days of service of the objection, "unless the response specifies that documents will be produced or inspection allowed," in which case the party must proceed under Rule 37.1 within twenty-one days after production or inspection of the documents. D.N.M.LR-Civ. 26.6. Failure to proceed within this time period constitutes acceptance of the objection, but the Court may change the twenty-one-day time period for good cause, either *sua sponte* or on motion by a party. *Id.*

Here, Defendant produced its privilege log on April 19, 2022, making Plaintiff's Motion to Compel due by May 10, 2022. *See* (Doc. 52) at 2-3. Plaintiff does not dispute that the motion was filed after this deadline, but asserts the delay should be excused because Defendants failed to produce this discovery in their initial disclosures and did not produce the personnel files even after Plaintiff signed the confidentiality agreement. (Doc. 54) at 2. The Court will excuse Plaintiff's late filing because Plaintiff reasonably relied on Defendants' assertion they would provide the documents after a confidentiality order was entered into, and the record reflects the parties have been engaged in negotiations about production of documents for several months now. *See* (Docs. 37, 41, 49) (Clerk's Minutes from status conferences held between March and June 2022 reflecting the parties' statements regarding discovery issues). Moreover, the delayed filing has not affected any of the deadlines or settings in this case.

Next, Defendants argue the personnel files are irrelevant to the issues in this case because the disciplinary records do not relate to any of the issues raised by Plaintiff in her Complaint and several were determined to be "unfounded" or "cleared." (Doc. 52) at 3. Defendants argue that evidence of bad acts is inadmissible to prove a person's character to show that on a particular

occasion the person acted in accordance with the character, and Plaintiff does not allege recurrent or systemic violations of rights by the Lovington Police Department or the named officers. *Id.* at 5-6. While evidence of bad acts may not ultimately be admissible does not mean at the discovery stage of litigation that it is wholly irrelevant. *See* Fed. R. Civ. P. 26(b) (explaining that information "need not be admissible in evidence to be discoverable"). Moreover, Plaintiff brings a claim for "Negligent Hiring, Training, Retention and Supervision" against Defendant City of Lovington, and information in the named officers' personnel files is relevant to that claim. The Court overrules Defendants' objections to these discovery requests and finds the information requested is sufficiently relevant to the parties' claims or defenses.

Defendants also oppose production of the personnel files because they contain references to other law enforcement personnel and civilians unrelated to the lawsuit. Defendants rely on New Mexico Inspection of Public Records Act ("IPRA"), NMSA 1978 § 14-2-1, and *State ex. rel. Barber v. McCotter*, 106 N.M. 1, 738 P.2d 119 (NM Sup. Ct. 1987) for this argument. (Doc. 52) at 6. In *Barber*, the New Mexico Supreme Court held that the Secretary for the New Mexico Corrections Department was not required to disclose to a newspaper the names of Department of Corrections employees who had been terminated. The Supreme Court reasoned that the names were within IPRA's privilege prohibiting public disclosure of disciplinary proceedings because the reason for the employees' termination was already a matter of public knowledge so that privacy of the proceedings could be protected only by withholding the names. 738 P.2d at 120. Defendants do not explain how this narrow holding applies in this case, especially since the parties here have entered into a confidentiality agreement whereby Plaintiff's use of the information is limited to this lawsuit. Nevertheless, the Court agrees that names of other law

5

enforcement personnel or civilians are not relevant and will allow Defendants to redact these names from the records before producing them to Plaintiff.

IT IS THEREFORE ORDERED that Plaintiff's Amended Motion to Compel, (Doc. 46), is GRANTED in part as set forth above.  Defendants shall provide the withheld documents, after redacting the names of other law enforcement personnel and civilians unrelated to this case, by **August 19, 2022**.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE